IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO

| | |
|---|---|
| ADVANCED DERMATOLOGY<br>*On behalf of itself and all those similarly situated*<br>8940 Darrow Road<br>Twinsburg, Ohio 44087<br><br>    Plaintiff,<br><br>    -vs-<br><br>COOLIBAR INC.<br>c/o Its Statutory Agent<br>CTS Corporation<br>1010 Dale St. N.<br>Saint Paul, MN 55117-5603<br><br>    Defendant | CASE NO.:<br><br>JUDGE<br><br><br><br>**CLASS ACTION COMPLAINT AND**<br>**JURY DEMAND** |

## INTRODUCTION

Plaintiff Advanced Dermatology ("Plaintiff") brings this nationwide Class Action Complaint against Defendant Coolibar Inc. for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in sending unsolicited facsimiles to people and businesses who have not given their consent. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself, and as to all other matters, upon information and belief, including investigation conducted by its attorneys.

    1.    The TCPA prohibits any unsolicited facsimiles.

## PARTIES

    2.    Coolibar Inc. (hereinafter "Coolibar") is registered with the Minnesota Secretary of State as a Delaware corporation with its headquarters in Saint Paul, Minnesota.

1

3. Defendant sells sun protective apparel and accessories nationwide.

4. Defendant solicits small businesses, including medical offices, to purchase its merchandise.

5. Plaintiff is a resident of Ohio who received an unsolicited facsimile from Defendant on its office fax machine without consent, attached hereto as Exhibit 1.

## JURISDICTION

6. This Court has jurisdiction 28 U.S.C. §1331 and 47 U.S.C. §227.

7. Venue is proper in this District because Defendant directed its acts and conduct herein to the Northern District of Ohio and Plaintiff's injury occurred here.

## FACTS

8. On or about February 20, 2019, Plaintiff received a two-page facsimile on its fax machine with "Coolibar, Inc." as the listed sender. (Exhibit 1)

9. Defendant touts itself as "the industry leader in innovative, high-quality UPF 50+ clothing, hats and accessories" and solicits Plaintiff to visit its booth at the AAD Annual Meeting in Washington, DC.: "We want to meet you! . . .Please set up a time to connect at the show by emailing or calling, or simply stop by Booth #3054."

10. The facsimile provides a link for Defendant's medical "VIP program" and the cell phone number and email address for Defendant's new executive slated to appear at the conference.

11. The facsimile contains multiple graphics promoting Defendant's mission, leadership award, a stamp of approval, and a picture of a smiling, young woman posing in Defendant's clothing.

12. The facsimile contained no opt-out notice.

13. Plaintiff had no business relationship with Defendant, did not give Defendant its number, and had not consented to be sent a facsimile.

14. On information and belief, Defendant routinely sends its facsimiles to recipients where no relationship exists and sends these facsimiles without prior consent to do so.

15. On information and belief, Defendant continues to solicit businesses by sending these facsimiles nationwide.

16. Plaintiff was damaged by this facsimile by suffering a monetary loss due to the facsimile, incurring the costs of the use of facsimile paper, ink and toner, loss of employee time to review the facsimile, invasion of privacy, nuisance, interruption of work, trespass to its chattel by interfering with its office facsimile used to aid patients, stress, aggravation, and because a violation of the TCPA itself is a concrete injury.

## CLASS ALLEGATIONS

17. Class Definition: Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or business, defined as follows:

> A. All persons in the United States who received a facsimile from or on behalf of Defendant and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from Defendant or where the facsimiles did not provide opt out language, within the four years prior to the filing of the Complaint until the class is certified.

18. Numerosity: The exact number class members is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists

of thousands of individuals and businesses. Class members can be easily identified through Defendant's or its agent's records.

19. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

a) Whether Defendant sent the faxes or had them sent on its behalf;

b) Whether Defendant had consent;

c) Whether Defendant has processes in place to prevent these facsimiles;

d) Whether Defendant's conduct was willful;

e) Whether Defendant's facsimile was a solicitation; and

f) Whether Defendant's conduct constitutes a violation of the TCPA.

20. Typicality: Plaintiff's claims are typical of the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendant's actions.

21. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex litigation and class actions, including TCPA cases. Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of members of the Class and have the financial resources to do so.

22. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class.

## CAUSE OF ACTION
Violation of 47 U.S.C § 227
(On behalf of Plaintiff and the Class)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. The TCPA expressly prohibits unsolicited facsimile advertising, 47 U.S.C.§ 227(b) (1) (C).

33. Defendant violated this provision by sending an unsolicited fax to Plaintiff.

34. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class suffered actual damages as set forth in paragraph 13 above and under Section 227(b)(3)(B), are each entitled to, *inter alia, a* minimum of $500 in statutory damages for each violation.

35. Should the Court determine that Defendant's misconduct was willful and knowingly, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class to $1,500 per call.

## PAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of actual and statutory damages;

D. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

E. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

F.  Awarding such other and further relief as equity and justice may require.

                                          Respectfully submitted,

                                          */s/Ronald I. Frederick*
                                          Ronald I. Frederick (#0063609)
                                          Michael L. Berler (#0085728)
                                          Michael L. Fine (#0077131)
                                          Frederick & Berler LLC
                                          767 East 185th Street
                                          Cleveland, Ohio 44119
                                          (216) 502-1055 (phone)
                                          (216) 566-9400(fax)
                                          ronf@clevelandconsumerlaw.com
                                          mikeb@clevelandconsumerlaw.com
                                          michaelf@clevelandconsumerlaw.com

                                          *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

                                          */s/Ronald I. Frederick*
                                          Ronald I. Frederick (#0063609)
                                          Frederick & Berler, LLC
                                          *Attorney for Plaintiff*