IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | Case No.: 1:19-cv-02500 |
| Plaintiff, | ) | Chief Judge Patricia A. Gaughan |
| -vs- | ) | |
| COOLIBAR, INC. | ) | **MOTION FOR ATTORNEY'S FEES AND CLASS REPRESENTATIVE INCENTIVE PAYMENT** |
| Defendant. | ) | |

Class Counsel seeks an award of attorneys' fees and expenses in the amount of Sixty-Seven Thousand and 00/100 Dollars ($67,000.00) as reasonable compensation for obtaining the settlement now before the Court. The requested fee award is **slightly less than Class Counsel's actual fees of ($70,630.00) and represents** Thirty-Three and One-Half Percent **(33.5%) of the total economic relief** provided to class members of **Two-Hundred Thousand Dollars ($200,000.00)**.

The 99 class members that sent in valid claim forms will receive a pro-rata share of the total of $124,586.00 remaining after expenses ($200,000.00 - $67,000.00 attorney's fees - $2,500.00 incentive payment - $5,914.00 costs of administration). **Thus, each class member would receive approximately $1,258.44.**

A.   The Requested Fee Award Is Reasonable and Should Be Approved

Apart from the excellent result obtained for the class, which is the primary determinant of the appropriateness of the requested fee, other considerations relevant to the fee review include the nature of the litigation, whether sufficient discovery was conducted to enable an informed

1

settlement decision, and the context of the fee negotiation process. Consideration of each of these factors, which are discussed more fully below, supports approval of the fee requested.

### 1. The Requested Attorney's Fee Represents a Reduction in the Actual Fees Billed and Have A Reduced Lodestar And A Negative Multiplier of .95

To determine the reasonableness of the fee award provided for in the Settlement Agreement, Courts often apply the lodestar-and-multiplier method. The lodestar calculation reflects reasonable hourly rates. Class Counsel's firm is an experienced class action litigation firm with particular expertise in class action litigation. See attached Frederick Decl., ¶¶ 2-8. Class Counsel's firm rates are consistent with prevailing market rates for attorneys in Ohio of comparable skill and experience. Ronald Frederick's rates were approved by the court in *Washington v. Spitzer Mgmt. Inc.*, Case No. CV-00-414549 (Cuyahoga Court of Common Pleas) (June 20, 2005) (J. Matia); *Hall v. Capital One Auto Finance, Inc.*, Case No. 1:08-CV-1181 (Northern District Ohio, Oct. 22, 2010 (J. Nugent). Frederick Decl., ¶ 7.

Where significant results are obtained, courts have consistently used high multipliers of the lodestar in awards compensating the attorneys who achieved those results. See, e.g., Weiss v. Mercedes-Benz of North America, Inc., 899 F. Supp. 1297, 1304 (D.N.J. 1995) (lodestar multiplier of 9); In re RJR Nabisco, Inc., Sec. Litig, [1992 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,984 at 94,267 (S.D.N.Y. 1992) (lodestar multiplier of 6); Cosgrove v. Sullivan, 759 F. Supp. 166, 169 (S.D.N.Y. 1991) (lodestar multiplier of 8.74); Donald R. Szydlik v. Associates National Bank, No. 92-1025, slip op. at 8 (W.D. Pa. Sept. 19, 1997) (lodestar multiplier of 8.5); Glendora Community Redevelopment Agency v. Demeter, 155 Cal. App. 3d 465, 479, 203 Cal. Rptr. 389, 398 (Cal. Ct. App. 1984) (lodestar multiplier of 12).

Here, the resulting lodestar of Class Counsel's firm, based upon the number of hours reasonably expended multiplied by the reasonable hourly rates as of the filing of this brief is

approximately $**70,630.00.** Frederick Decl., ¶ 13. After rigorous negotiations, Class Counsel was able to obtain a settlement of **$200,000.** However, given that Class Counsel's billed fees, reasonable as they may be, were slightly higher than that negotiated with Coolibar's counsel, Class Counsel reduced its fees by 5%. Thus, in this case, the multiplier applied against Class Counsel's fees was negative (less than 1). This is substantially below range of multipliers in the cases cited by Plaintiff *supra*.

> 2. **The Requested Fee Is Reasonable Relative To The Risks Involved In This Litigation**

The fee request becomes even more modest when one looks beyond the numbers to the equitable factors and policy interests at stake in this particular action. Class Counsel has prosecuted this action since October 2019 undertaking significant investigation and legal work in the process, as well as making an extended effort to settle this case. Although Class Counsel believes that Plaintiff has meritorious claims, success is never assured in litigation. The efforts of Class Counsel allowed them to negotiate a high value settlement for the Settlement Class, and to avoid the risk and uncertain outcome of a fully contested matter.

> 3. **The Non-Collusive Nature of The Settlement Negotiations Demonstrates That The Fee Request Is Fair And Reasonable**

The context in which the parties negotiated the agreement on fees also demonstrates its reasonableness. As discussed above, the settlement negotiations themselves were detailed and prolonged, and were conducted at arm's length. The Settlement Agreement was reached after hard fought negotiations, Frederick Decl., ¶10. The result is a fair and reasonable settlement that achieves significant monetary relief and that will provide substantial benefits directly to class members. Frederick Decl., ¶11. The requested attorneys' fee was negotiated only after all material terms of the settlement had been agreed upon. Frederick Decl., ¶ 13.

Coolibar is represented by exceedingly competent and well-respected outside counsel, well-informed in fee jurisprudence and skilled in legal negotiation. As such, the end result of these negotiations, which reflects both sides' informed judgment of what is reasonable as a fee in these circumstances, is entitled to a great deal of weight in considering approval of the Stipulation. As Judge Wolin explained in *In re Prudential Ins. Co. of America Sales Practices Litig.*:

> The parties in this case followed the proper procedure [that recommended by the Third Circuit Task Force]. Plaintiff's counsel and Prudential entered into fee negotiations only after the Settlement Agreement was otherwise negotiated. . . . Under these circumstances, there is no reason to believe that Prudential's counsel – having already fixed the other terms of the Settlement Agreement . . . consented to the requested fee for any reason other than their belief in its reasonableness under all the circumstances of this case.

962 F. Supp. at 577.[1]

### 4. The Absence of Objections Demonstrates That The Fee Request Is Fair And Reasonable

Not one class member has objected to the settlement or to the requested attorneys' fee. The amounts of the requested fee and incentive awards were clearly disclosed in the notice. The absence of any objections to the requested awards further demonstrates that the awards are fair and reasonable.

---

[1] *See, e.g.*, *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL No. 901, 1992 U.S. Dist. LEXIS 14337 at *13 (C.D. Cal. June 10, 1992) ("[T]he fee was negotiated at arms' length with sophisticated defendants by the attorneys who were intimately familiar with the case, the risks, the amount and value of their time, and the nature of the result obtained for the class. . . . [T]he Court is reluctant to interpose its judgment as to the amount of attorneys' fees in the place of the amount negotiated. . . ."); *In re M.D.C. Holdings Sec. Litig.*, [1990 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,474 at 97,487-88 (S.D. Cal. Aug. 30, 1990) ("Because this Court believes the parties should be encouraged to settle all their disputes as part of the settlement . . ., including the amount of the fee, it believes that if the agreed-to fee falls within a range of reasonableness, it should be approved as part of the negotiated settlement between plaintiffs and defendants.").

**B.     The Class Representative's Request for An Incentive Award Is Reasonable and Warranted By The Circumstances Of This Case**

The Settlement Agreement provides for a modest incentive award to Advanced Dermatology in the amount of Two Thousand Five Hundred Dollars ($2,500.00). This award is intended to recognize the time and effort that Advanced Dermatology has invested in the case on behalf of the Class. "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997). *See Enter. Energy Corp.,* 137 F.R.D. at 251 (approving incentive awards of $50,000 to each of the class representatives out of a settlement fund of $56.6 million); *In re Dun & Bradstreet,* 130 F.R.D. 366, 373-74, (S.D. Ohio 1990) (approving incentive awards ranging from $35,000 to $55,000 out of a $18 million settlement fund); *Brotherton v. Cleveland,* 141 F.Supp.2d 907, 913-14 (S.D. Ohio 2001) (granting a $50,000 incentive award out of a $5.25 million fund).

In this case, the Class Representative (1) assisted counsel in investigating and substantiating the claims alleged in this action; (2) assisted in the preparation of the complaint; and (3) reviewed pleadings, correspondence, other documentation received from Class Counsel in order to keep themselves apprised of the progress of the litigation, as well as the settlement proposal. Frederick Decl., ¶ 17. Moreover, as with any party who files a civil action, the Class Representative undertook the financial risk that, in the event of a judgment in favor of Coolibar in this action, it could have been saddled with the costs awarded in favor of Coolibar.

The requested incentive award was described in the Notice to the Settlement Class. No Settlement Class Member objected to the incentive award being requested. In the aggregate, the incentive award represents a relatively small percentage of the total monetary recovery. In light of the work that the Class Representative performed on behalf of the Settlement Class Members,

and the Settlement Class Members' response to the settlement, the requested incentive award is reasonable and appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion and enter a final order approving the attorney fees, and the incentive payment.

>Respectfully submitted,
>
>*/s/ Ronald I. Frederick*
>Ronald I. Frederick (#0063609)
>Michael L. Berler (#085728)
>Frederick & Berler LLC
>767 East 185th Street
>Cleveland, Ohio 44119
>Telephone:  (216) 502-1055
>Facsimile:  (216) 566-9400
>ronf@clevelandconsumerlaw.com
>mikeb@clevelandconsumerlaw.com
>*Counsel for Plaintiff and Class Members*

### *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the foregoing was filed electronically on this 23rd day of June 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

>*/s/Ronald Frederick*
>Ronald I. Frederick
>Frederick & Berler LLC
>*Attorney for Plaintiff and Class Members*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ADVANCED DERMATOLOGY ) | Case No.: 1:19-cv-02500 |
| ) | |
| Plaintiff, ) | Chief Judge Patricia A. Gaughan |
| ) | |
| -vs- ) | |
| ) | |
| COOLIBAR, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DECLARATION OF RONALD I. FREDERICK
IN SUPPPORT OF FINAL APPROVAL**

I, Ronald I. Frederick, being duly sworn, hereby depose and state as follows:

1. I am one of the counsels for Advanced Dermatology ("Plaintiff"), the named Plaintiff and proposed Class Representative for the proposed Settlement Class. I submit this affidavit in support of preliminary approval.

**Background And Qualifications Of Counsel**

2. I am an attorney duly licensed to practice before all courts of the State of Ohio. I am a partner and founder of the law firm of Frederick & Berler LLC, and counsel of record for Advanced Dermatology in this action.

3. I am admitted to practice in the State of Ohio and the Northern District of Ohio.

4. I am a graduate of The University of Akron Law School in 1994.

5. I have been in private practice since 1997, and virtually all of my practice has involved litigation on behalf of consumers, representing individuals and classes injured by

1

predatory lending, abusive debt collection, and other unfair and deceptive business practices including automobile related issues.

6. I have spoken at numerous CLE programs on various aspects of Ohio consumer protection statutes including CORT training for legal aid attorneys, The O'Neil Bankruptcy Institute of the Cleveland Bar Association, The Ohio Judicial Conference's Seminar on Consumer Law Damages, National Association of Consumer Advocates, National Consumer Law Conference, and the Ohio Consumer Law Institute.

7. My firm has obtained in excess of 250 million dollars in restitution and debt forgiveness for consumers by successfully asserting state and federal consumer credit law claims on their behalf. A partial listing of litigated cases includes the following:

>   *Ford Motor Credit Co. v. Shaun E. Lowe*, Cleveland Municipal Court Case No. 99 CVF 15806;
>
>   *Phillips v. Andy Buick et. al.*, Lake County Common Pleas Case No. 02CV001128;
>
>   *Setliff, et al v. Morris Pontiac*, et al, Lorain County Common Pleas, Case No. 02-CV-131974;
>
>   *Thompson v. Tri-County Kia*, Lorain County Common Pleas, Case No. 02-CV-132392, appeal dismissed;
>
>   *Bartok v. Serpentini Group*, Cuyahoga County Common Pleas, Case Number 02 CV 479965;
>
>   *Espay v. Bud Brady Ford*, C.P. 472093, appeal dismissed;
>
>   *Willis v. T.E. Clarke Motors, Inc.,* Cuyahoga County Common Pleas Court Case No. 479655;
>
>   *North Shore Auto Financing, Inc. v. Block*, 2003 WL 21714583, 2003-Ohio-3964, (Ohio App. 8 Dist., Jul 24, 2003) jurisdictional motion denied, 100 Ohio St.3d 1531, 800 N.E.2d 47;
>
>   *Anderson v. Asset Acceptance Corp.*, 1:03CV97 (N.D. Ohio);

*Washington v. Spitzer Management, Inc.*, 2003 WL 1759617, 2003-Ohio-1735 (8th Dist. April 3, 2003) jurisdictional motion denied, 99 Ohio.St.3d. 1543, 795 N.E.2d 682, 2003-Ohio-4671 (2003);

*Huntington National Bank v. Bessie Malacky*, Cuyahoga County Common Pleas, 03 CV 491420;

*Cummings, et al v. H&R Block*, Circuit Court of Kanawha County, West Virginia, Case No. 03-C-134;

*First Merit v. Clauge*, Cleveland Municipal Court, Case No. 03 CVF 27720;

*CNAC v. Claudio*, Lorain County Common Pleas, 04 CV 137406;

*Northcoast Financial Services v. Webster*, Cleveland Municipal Court, 2004 CVF 18651;

*Nicholas Financial v. Sanborn*, Cleveland Municipal Court, Case No. 2004 CVI 6969;

*Tidewater Financial v. Wade, et al.*, Cuyahoga County Common Pleas, Case No. 05-CV-562559;

*Burns v. Spitzer Management*, Cuyahoga County Court of Common Pleas, Case No. 06 CV 606666;

*Brailsford v. Jackson Hewitt*, Case No. C 06-00700 CW (N.D. Cal);

*Asset Acceptance v. Bediant*, et al, Lorain County Common Pleas, Case No. 07-CV-1525;

*Broadway Finance Co. v. Lakettia McCutchen*, et al, Cleveland Municipal Court Case No. 07 CVF 09855;

*Miguel Allende v. United Acceptance, Inc.*, Lorain County Common Pleas, Case No. 08 CV 158791;

*Central Ohio Credit Corp. v. Conway*, Richland County Common Pleas, Case No. 08 CV 2000;

*Hall v. Capital One Auto Finance, Inc.*, Northern District Ohio, Case No. 1:08-cv-01181;

*Shagawat v. Northcoast Cycles, LLC*, Cuyahoga County Court of Common Pleas, Case No. 09-CV-697047;

*CES Credit Union v. Jacob D. Fulton*, Richland County Court of Common Pleas, Case No. 12 CV 0877;

*White, et al. v. Wells Fargo Bank, N.A.*, Northern District Ohio, Case No. 12 CV 00943;

*American General Finance v Opal Griffin, et al*., Cuyahoga County Court of Common Pleas, Case No. 09 CV 685562;

*Caffy Steen, et al. vs. Guardian Financial Services Company*, Cuyahoga County Court of Common Pleas, Case No. 2014-CV-0548;

*William Hodge vs. Chaparral, Inc. dba Northcoast Financial Services*, Lucas County Court of Common Pleas, Case No. G4801-CI-0201502298-000;

*Southern Auto Finance Company, LLC vs. Tracey Terry, et al.*, Cuyahoga County Court of Common Pleas, Case No. CV-16-864734;

*Martin Baker vs. Levin Furniture (Sam Levin, Inc.)*, Cuyahoga County Court of Common Pleas, Case No. CV-11-754814;

*Rose Brock, et al. vs Directions Credit Union, Inc.,* Lucas County Court of Common Pleas, Case No. G4801-CI-0201603461-000;

8. I have been designated as one of the class counsel in each of these matters via certification of the respective classes.

9. I have conducted a sufficient investigation to evaluate the merits of the case, and the value of potential recovery.

10. The Settlement Agreement was reached after hard fought negotiations and numerous informal settlement discussions between the parties.

11. The result of this negotiation is a fair and reasonable settlement that achieves full monetary relief and that will provide substantial benefits directly to class members.

12. The settlement provides for the payment of attorneys' fees, costs, and expenses to Class Counsel upon the application for such an award. Class Counsel negotiated the essential terms of the settlement reached in this matter prior to any discussions with Defendant about attorneys'

fees. The compensation for the services Class Counsel rendered to the class is wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as may be awarded by the Court.

13. After the essential terms of the settlement were negotiated, Coolibar agreed not to oppose the request for attorney fees up to the amount of $67,000.00. Which is less than the lodestar of $70,630.00 incurred by Plaintiff's Counsel.

14. My firm has not been paid any fee for our legal services in this case.

15. Initially, the issues in this case were vigorously contested by Defendant. They required difficult legal research and advocacy.

16. Class counsel advanced all costs on behalf of the named Plaintiff and the Class. None of these disbursements has been reimbursed.

17. In this case, the Class Representative, Advanced Dermatology, performed the following tasks, among others: (1) assisted counsel in investigating and substantiating the claims alleged in this action; (2) assisted in the preparation of the complaint; (3) produced documents; (4) reviewed pleadings, correspondence, and other documentation received from Class Counsel in order to keep apprised of the progress of the litigation; and (5) participated in the settlement of this litigation.

18. Based on the involvement of the Class Representative, Advanced Dermatology, in this case, I believe that the requested $2,500 incentive award is fair and reasonable.

19. I recommend that the Court grant final approval of the settlement as proposed.

AFFIANT FURTHER SAYETH NAUGHT.

_____
Ronald I. Frederick